UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES | CRIMINAL ACTION |
| VERSUS | NO: 11-0133 |
| MICHAEL AMACKER | SECTION: "A"(3) |

Before the Court is defendant Michael Amacker's **Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody** (Rec. Doc. # 73). The government filed an opposition to this motion (Rec. Doc. # 78). Amacker replied to this opposition (Rec. Doc. #79). For reasons that follow, the petitioner's motion is **DENIED**.

I. **Background**[1]

A federal grand jury sitting in the Eastern District of Louisiana returned an indictment charging petitioner Michael Amacker with the following: Count 1 – possession "with intent to distribute a quantity of marijuana" in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(D); Count 2 – felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2); and Count 3 – possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). On October 27, 2011, Amacker pled guilty to counts one through three of the indictment. (Rec. Doc. 28). Amacker was sentenced on March 13, 2012 to 262 months imprisonment. This sentence consists of terms of 60 months as to count 1, 120 months as to count 2, and 82 months as to count 3, all terms to be served consecutively. (Rec. Doc. 47). On March 20, 2012, Amacker filed a notice of appeal. On

---

[1]Procedural matters available only in sealed filings and not material to determination of the motion have been excluded.

March 19, 2013, the Fifth Circuit Court of Appeals affirmed the District Court's judgment. (Rec. Doc. 67). Amacker filed the instant motion to vacate pursuant to 28 U.S.C. 2255 in which he argues ineffective assistance of counsel as to pleading guilty to counts 1 and 3 as well as actual innocence to these charges.

## II. Legal Standard

### A. Motions to Vacate Pursuant to 28 U.S.C. § 2255

Section 2255 "provides the federal prisoner with a post-conviction remedy to test the legality of his detention by filing a motion to vacate judgment and sentence in his trial court." *U.S. v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004) (quoting *Kuhn v. U.S.*, 432 F.2d 82, 83 (5th Cir. 1970)). The statute establishes that a prisoner in custody under a sentence of a federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence." *Id.* (quoting 28 U.S.C. § 2255). Where there has been a "denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.*

Relief under 28 U.S.C. § 2255 is reserved for violations of constitutional rights and for a narrow range of injuries in federal criminal cases that could not have been raised on direct appeal and would result in a fundamental miscarriage of justice. *U.S. v. Petrus*, 44 F.3d 1004 (5th Cir. 1994) (citing *U.S. v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)).

A district court may deny a § 2255 motion without conducting any type of evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *U.S. v. Arguellas*, 78 Fed. Appx. 984, 986 (5th Cir. 2003) (quoting 28 U.S.C. § 2255; *U.S. v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992)). In those

cases, however, where the record does not conclusively negate a prisoner's entitlement to relief, contested fact issues may not be decided on affidavits alone. *Id.* (citing *Owens v. U.S.*, 551 F.2d 1053, 1054 (5th Cir. 1977)). No hearing is necessary if the issues raised have been previously decided on direct appeal, contain no constitutional violation, or lack support in the record. *U.S. v. McCollom*, 664 F.2d 56, 59 (5th Cir. 1981) (citing *Buckelew v. U.S.*, 575 F.2d 515 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

An accused is entitled, as a matter of constitutional law, to assistance of counsel on a direct appeal. *U.S. v. Guerra*, 94 F.3d 989, 994 (5th Cir. 1996) (citing *Douglas v. Cal.*, 372 U.S. 353 (1963)). The representation must be effective. *Id.* (citing *Evitts v. Lucey*, 469 U.S. 387 (1985); *Lombard v. Lynaugh*, 868 F.2d 1475, 1481 (5th Cir. 1989)).

To prevail on an ineffective assistance of counsel claim, the petitioner must satisfy the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner must establish that counsel's performance fell below an objective standard of reasonableness. *Grammas*, 376 F.3d at 436 (citing *Strickland*, 466 U.S. at 687). That standard requires that counsel "research relevant facts and law, or make an informed decision that certain avenues will not be fruitful." *Id.* (quoting *U.S. v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003)).

The second showing that the petitioner must make is that he was prejudiced by counsel's substandard performance. *Grammas*, 376 F.3d at 436. "To prove prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quoting *Conley*, 349 F.3d at 841-42). Any amount of jail time has Sixth Amendment implications that can satisfy *Strickland*'s prejudice prong. *Grammas*, 376 F.3d at 436 (quoting *Conley*,

349 F.3d at 842). If the defendant makes an insufficient showing on either one of the two prongs of the *Strickland* test the court need not address the other. *Powell v. Owens*, 43 F.3d 670 (5th Cir. 1994) (not published) (citing *Strickland*, 466 U.S. at 697).

## III. Discussion

Amacker first argues that he received ineffective assistance of counsel in being advised to accept the plea agreement although the indictment did not contain a specific quantity of marijuana. He claims that a specific quantity is an element of the crime and required to be in the indictment. He also argues that this failure undermined the plea bargaining process and that a more "experienced" lawyer would have been able to obtain better terms.

Fifth Circuit case law is clear that the language of an indictment under 841(b)(1)(D) does not need to contain a specific quantity of marijuana. *See U.S. v. Gonzalez*, 259 F.3d 355, 359 (5th Cir. 2001) ("In light of [the indictment not listing the specific quantity], § 841(b)(1)(D) sets forth the statutory maximum to which [the individual] may be sentenced."); Pattern Crim. Jury Instr. 5th Cir. 2.87 (noting that an instruction on specific quantity is only required if the government is seeking "an enhanced penalty").

The cases cited by Petitioner do not support his contention that the indictment was defective for failing to list a specific quantity. For example, in *U.S. v. Salazar-Flores*, the government had charged the petitioner with "possession with intent to distribute a quantity of marijuana in violation of 21 U.S.C. § 841." 238 F.3d 672, 673 (5th Cir. 2001). The indictment did not contain a specific quantity. The court found this absence did not require reversal of the conviction, stating that "a fact used in sentencing that does not increase a penalty beyond the statutory maximum need not be alleged in the indictment and proved to a jury beyond a reasonable doubt." *Id.* at 673-74. The recent Supreme Court case of *Alleyne*

*v. U.S.* does not change this analysis. 133 S.Ct. 2151 (2013). There, the Supreme Court found that the logic underlying the rule of *Apprendi* "that any fact that increased the prescribed statutory maximum sentence must be an 'element' of the offense to be found by the jury [and thus must be listed]" also applies to a fact that would "increase mandatory minimum sentences," as it "alters the legally prescribed punishment." *Id.* at 2157, 2162-63 (citing, in part, *Apprendi v. New Jersey*, 530 U.S. 466 (2000)).

§ 841(b)(1)(D) contains no mandatory minimum, and no penalty beyond the mandatory maximum was sought or applied. The petitioner signed the factual basis stating that he had "approximately six ounces of marijuana." (Rec. Doc. 30, at 3). He also signed the plea agreement stating that he understood "the Court could impose the maximum term of imprisonment" and that such a term was five (5) years, or 60 months, under § 841(b)(1)(D) as charged in count 1. (Rec. Doc. 29, at 2, 4). The Court applied the sentence as provided by § 841(b)(1)(D). The indictment was not defective for failing to mention a specific quantity of the drug.

Thus Petitioner's first argument fails on this basis. His further speculation that his counsel might have been able to secure better terms for the plea agreement if counsel had been more vigorous in using the six ounces of marijuana as a debating point is insufficient to state a claim for ineffective assistance of counsel, much less to show a "reasonable probability" that the outcome would have been different or that he would not have pled guilty. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (holding that "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial").

Petitioner titles his second argument as one of ineffective assistance of counsel for

advising him to enter into a plea agreement as to counts 1 and 3 "when the government failed to establish all elements of the . . . violation." He styles his third argument as one of actual innocence as to counts 1 and 3 "under the standard set by the Supreme Court through *Alleyne v. United States*."

In reading the contents of the arguments however, the Court finds that both arguments rely on the same underlying contention – the factual basis did not contain sufficient evidence on which the Court could find an intent to distribute marijuana and thus also could not contain sufficient evidence to find possession of a firearm in furtherance of drug trafficking activity. For example, under his second argument Petitioner states that "[d]efense counsel's lack of knowledge or skills in plea agreement negotiations proved detrimental to Petitioner in that 6 ounces of marijuana laying in close proximity to a firearm did not rise to the level of meeting the elements of intent." (Rec. Doc. 73, at 19). Under his third argument, Petitioner states that "[n]either the police report, indictment, factual basis document, nor plea agreement establish the manner by which Petitioner had intent to distribute marijuana and used the firearm to further drug activity." *Id.* at 23. And later he claims "[f]inding 6 ounces of marijuana and a weapon via a traffic stop without further evidence to support intent or past activity designates Count[]s 1 and 3 as void." *Id.*

The Fifth Circuit has already addressed this argument as to sufficiency of the evidence to show intent in this case. *U.S. v. Amacker*, 514 F. App'x. 406 (5th Cir. 2013). That court reviewed the factual basis which Amacker signed and specifically found that its recitation of possession of six ounces of marijuana (in Amacker's backpack), "a handgun, twelve rounds of ammunition, a ledger, and $14,000 in cash" in Amacker's vehicle, and $1000 in cash on Amacker's person "was sufficient to show an intent to distribute." *Id.* at 407. The Fifth Circuit thus concluded that "[b]ecause Amacker's challenge to his conviction

on count one fails, his argument regarding count three likewise fails." *Id.*

Arguments already raised and disposed of on a previous appeal are not considered in a § 2255 motion. *U.S. v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986). Petitioner cannot avoid the prohibition against relitigating this issue by re-styling it as an ineffective assistance of counsel or actual innocence claim.[2]

The Fifth Circuit's ruling thus deflates any claim that Petitioner could make that his counsel did not render effective assistance for advising him to sign a plea agreement that failed to set forth sufficient facts on which intent could be found or that the alleged insufficiency evidences his actual innocence.

Finally, the Court finds that an evidentiary hearing is unnecessary as the record conclusively shows that Petitioner is entitled to no relief.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Rec. Doc. # 73)** filed by defendant Michael Amacker is **DENIED.**

December 17, 2014

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[2] Petitioner's citation to the Supreme Court's 2013 case of *Alleyne v. U.S.* under the actual innocence argument does not affect the Court's reasoning. 133 S.Ct. 2151 (2013). He attempts to use that case merely as yet another avenue to argue insufficient evidence as to intent. *Alleyne*, as already addressed, was concerned with a requirement to submit facts to the jury which would increase the mandatory minimum sentence. *Id.* at 2163.